UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Martha Castellanos,<br>  Plaintiff,<br><br>    v.<br><br>Jaxco Industries, Inc. d/b/a Charleston Wrap,<br>  Defendant. | CASE NO.: 2:20-cv-04303-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

**JURISDICTION AND PARTIES**

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of race and national origin discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about September 14, 2020.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Martha Castellanos, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Colleton County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Jaxco Industries, Inc. d/b/a Charleston Wrap, upon information and belief, is a South Carolina corporation organized and doing business in the State of South Carolina, and at all times herein operated as a business within the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court

## STATEMENT OF FACTS

10. In or about August 2017, Plaintiff began working for Defendant. The Plaintiff is Hispanic, and her native language is Spanish, and some of her job duties included translating catalogues and translating for customer service. At all times, Plaintiff was effective and efficient in her employment.

11. In or about June 2019, General Manager, Sandra Ruhl, stated that she was going to meet with everyone at the company to discuss their job duties prior to the permanent people coming to work. Ms. Ruhl never met with Plaintiff, but she did meet with everyone else in the department Plaintiff was working in.

12. Beginning in or about September 2019, Plaintiff was subjected to discrimination by Defendant. One of Plaintiff's co-workers, Holly, complained to Plaintiff's supervisor, Susan Watson, after Holly overheard Plaintiff speaking to another co-worker, Mia Marin, in their native language.

13. In addition to Plaintiff's complaint, Holly would continuously make negative comments about Plaintiff and other Hispanic co-workers, such as, "if and mistakes were made, 'they' made them."

14. Mia Marin and Plaintiff complained to Wendy in Human Resources regarding the racial discrimination, but nothing was done to eliminate the discrimination.

15. On or about October 10, 2019, Ms. Ruhl, called Plaintiff into her office. Ms. Ruhl mentioned that Holly was uncomfortable when Plaintiff spoke to Mia in Spanish. Ms. Ruhl suggested that Plaintiff leave if Plaintiff wanted to continue speaking her native language during work hours with her co-workers.

16. After Plaintiff was threatened by Ms. Ruhl, Plaintiff felt as though no reasonable person could endure the type of discrimination she was subjected to; therefore, Plaintiff was constructively discharged on October 10, 2019. Ms. Ruhl was the highest-ranking employee with the company, and there was no one else above her to complaint to regarding the discrimination.

17. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

18. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems and disciplined the Plaintiff for the inappropriate behavior upon her.

19. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's reports and complaints of discrimination.

20. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against discrimination and retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §2000e et seq.).

21. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
## RACIAL DISCRIMINATION - TITLE VII OF CIVIL RIGHTS ACT OF 1964

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. The Plaintiff is a member of a protected group on the basis of her race and national origin. The Plaintiff was constructively discharged based on her being a Hispanic person in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

24. The Defendant stated reasons for preferential treatment and constructive discharge were mere pretext for the discrimination against Plaintiff based on her being a Hispanic woman.

25. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her race or national origin;

   b. In showing preferential treatment by treating other non-Hispanics with more favorable treatment; and

   c. In demonstrating a pattern of discriminatory treatment towards Hispanics by making disparaging remarks to those who were in a protected class.

26. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under

Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

27. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

28. The Plaintiff's race and national origin were determining factors in the disparate treatment and constructive discharge of the Plaintiff. But for the Plaintiff's race and national origin, she would not have been discharged.

29. As a direct and proximate result of the Defendant's discrimination on the basis of race and national origin, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

30. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF EQUAL RIGHTS UNDER 42 U.S.C. §1981**

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. The Plaintiff is a member of a protected group on the basis of her nationality, race, and color. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. The Plaintiff was retaliated against and constructively discharged based on her nationality, race and color in violation of 42 U.S.C. §1981.

34. The Defendant's stated reasons for preferential treatment, retaliation and wrongful discharge were a mere pretext for the discrimination against the Plaintiff based on hier nationality, race or color.

35. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ the Plaintiff due to her nationality, race or color; and

      b. In showing preferential treatment by treating other non-Hispanic employees with preferential treatment.

36. That in failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981, the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

37. The Defendant violated 42 U.S.C. §1981, the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

38. The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. The Defendant violated 42 U.S.C. §1981, by allowing a hostile work environment to exist regarding racial discrimination in the workplace.

39. The aforesaid conduct of the Defendant, its agents, servants, and employees violate South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of racial discrimination under 42 U.S.C. §1981.

40. The Defendant's wrongful discrimination, preferential treatment, and inappropriate behaviors as set forth aforesaid constituted racial discrimination against the Plaintiff which constitutes a violation of clear mandate of public policy of the State of South Carolina.

41. The Plaintiff's nationality, race and color were determining factors in the retaliation, disparate treatment, and wrongful discharge of the Plaintiff. But for the Plaintiff's nationality, race and color, she would not have been constructively discharged.

42. As a direct and proximate result of the Defendant's discrimination on the basis of nationality, race, and color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

43. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain, and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

44. Due to the acts of the Defendant, its agents, servants and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, reinstatement of benefits, and front pay and attorney fees and costs.

## FOR A THIRD CAUSE OF ACTION
## RETALIATION

45. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

46. That as alleged above, Plaintiff complained to the Defendant about the discrimination by Holly and Sandy.

47. That Plaintiff's complaints were made in good faith, and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

48. That shortly after making said complaints, the Defendant constructively discharged the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

49. The Defendant's stated reasons for retaliation were mere pretext for the actual retaliation she received based on her engaging in a protected activity.

50. The Plaintiff's reports of discrimination were determining factors in the retaliation and constructive discharge of Plaintiff. But for Plaintiff's reports of discrimination, she would not have been retaliated against.

51. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in a protected activity.

52. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliation and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

53. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

54. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

55. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

56. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

### FOR A FOURTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT

57. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

58. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

59. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

60. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

61. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, hostile work environment and termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## **REQUEST FOR RELIEF**

62. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

63. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

64. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for the following relief:

65. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

66. Prejudgment interest, costs and attorney's fees as may be allowed by law;

67. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

68. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

69. Judgment in favor of the Plaintiff and against Defendant for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

70. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

                                              **WIGGER LAW FIRM, INC.**

                                              s/*Christopher Bojarski*
                                              Christopher Bojarski (Fed. I.D. #13195)
                                              Attorney for the Plaintiff
                                              8086 Rivers Avenue, Suite A
                                              North Charleston, SC  29406
                                              (843) 553-9800

North Charleston, South Carolina
This 11th day of December, 2020